UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**COREY MONTEL FLORENCE**                                                           **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:20-CV-P528-CRS**

**COMMONWEALTH OF KENTUCKY**                                       **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Corey Montel Florence, an inmate at the Louisville Metro Department of Corrections (LMDC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. By prior Memorandum and Order (DN 8), the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and dismissed Plaintiff's claims against the Commonwealth of Kentucky, the only named Defendant, for failure to state a claim upon which relief may be granted and for seeking damages from a defendant immune from such relief. Before dismissing the action entirely, the Court gave Plaintiff an opportunity to file an amended complaint to sue any persons he claims violated his constitutional rights and to describe the facts surrounding how each individual allegedly violated his rights.

Plaintiff filed an amended complaint (DN 9), which is now before the Court for initial screening pursuant to § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated herein, the Court will dismiss the action.

**I.**

Plaintiff is an inmate at the Louisville Metro Department of Corrections. In the amended complaint, he names Judge Susan Gibson as the only Defendant. The Court takes judicial notice that Gibson is a Jefferson County Circuit Court Judge.

Plaintiff states that since March 2020 he has been placed "in the phone restriction dorm by Judge Susan Gibson." He states that he has not spoken to his family or been given envelopes to write them. He also states that he is being housed with someone with COVID-19 and that he still has not been tested for it. As relief, he seeks monetary damages (DN 11).

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be

'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity can be overcome in only two situations--for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Neither of these exceptions to judicial immunity is applicable here. Plaintiff's allegations against Defendant Judge Gibson clearly arise out of her role in presiding over his criminal case, and Plaintiff does not allege that she did not have jurisdiction over his criminal proceedings.

Consequently, Plaintiff's claims against Defendant Judge Gibson must be dismissed for failure to state a claim upon which relief may be granted.

Date: July 23, 2021

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
4411.010